Filed 2/3/14  P. v. Guerrero CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063504 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD238995) |
| CHRISTIAN GUERRERO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Kimberly A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Christian Guerrero of evading a police officer with reckless driving (count 1), driving under the influence of alcohol (count 2), and driving with a blood

alcohol content of .08 percent or higher (count 3). He appeals, contending: (1) his conviction on count 1 should be reversed because the trial court failed to give a unanimity instruction; and (2) the trial court should have stayed his sentence on either count 2 or count 3 under Penal Code section 654. (Undesignated statutory references are to the Penal Code.) We reject Guerrero's arguments and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Around 5:43 p.m. on an evening in January 2012, Officers Jacob Resch and Errick Barnes observed Guerrero making an illegal U-turn. The officers followed Guerrero's vehicle and attempted to initiate a traffic stop. Guerrero did not stop and a high-speed chase ensued. During the chase, Guerrero nearly struck a vehicle pulling out of a parking spot, failed to stop at stop signs and lights, accelerated to over 100 miles per hour, and swerved into oncoming lanes of traffic. Officers Resch and Barnes terminated their pursuit because it was unsafe for them and the general public. The officers began to make their way to the address of the registered owner of the vehicle.

Around the same time, Officer Trevor Riley and Officer Tristan Gonzales, who were part of the San Diego Police Department Airborne Law Enforcement (ABLE) helicopter unit, also headed toward the address of the vehicle's owner. As they were on their way to that address, they received information that other patrol officers had spotted the vehicle in southeast San Diego. Thus, the ABLE officers responded toward the location of the vehicle.

Officers Jeffrey Skiba and Miguel Garcia were on patrol in southeast San Diego and heard the radio call regarding the vehicle Officers Resch and Barnes were pursuing.

2

Around 6:05 p.m., Officers Skiba and Garcia spotted the vehicle and attempted to stop it. Guerrero sped up and drove away from the officers. Officers Skiba and Garcia continued to follow Guerrero as he drove erratically. During that time, the ABLE officers were also following Guerrero's vehicle and filming the pursuit. When Guerrero entered a freeway on-ramp, Officers Skiba and Garcia lost sight of him; however, the ABLE officers maintained visual contact.

Guerrero's vehicle eventually broke down in the middle of an intersection. Two officers who arrived at the scene detained Guerrero and then turned over custody to Officers Resch and Barnes who transported Guerrero to police headquarters. Guerrero refused breath and blood tests. Thus, he was subjected to a forced blood draw. Guerrero's blood measured a blood alcohol concentration of .16 percent.

Guerrero's sister testified that he had trouble hearing. However, a district attorney investigator who had interviewed Guerrero's sister the day before, testified that she stated Guerrero had no problems hearing. Instead, Guerrero's sister had described his hearing as "selective hearing."

## DISCUSSION

### I. *Unanimity Instruction*

Guerrero argues that his conviction on count 1 for evading a police officer with reckless driving should be reversed because the court failed to give the jury a unanimity instruction. Specifically, he contends the instruction was required because there was evidence of two possible incidents of evading a police officer, one involving the pursuit by Officers Resch and Barnes and the other involving the pursuit by Officers Skiba and

3

Garcia. He claims the jurors may not have agreed as to which of those incidents constituted the act of evading officers. We reject this argument.

A defendant's constitutional right to a unanimous jury verdict requires that when the evidence shows more than one unlawful act that could support a single charged offense, the prosecution must either elect which act to rely upon or the trial court must sua sponte give a unanimity instruction telling the jurors they must unanimously agree which act constituted the crime. (*People v. Melhado* (1998) 60 Cal.App.4th 1529, 1534.) The unanimity instruction is designed to eliminate the danger that the defendant will be convicted even though there is no single offense which all the jurors agreed the defendant committed. (*Ibid.*)

No unanimity instruction is required, however, when the offense involves a continuous course of conduct; i.e., when the acts are "substantially identical in nature, so that any juror believing one act took place would inexorably believe all acts took place[.]" (*People v. Champion* (1995) 9 Cal.4th 879, 932, internal quotes omitted.) The continuous conduct rule also applies when a defendant offers essentially the same defense to each of the acts, and there is no reasonable basis for jurors to distinguish between them. (*People v. Stankewitz* (1990) 51 Cal.3d 72, 100.)

Here, the court was not required to give a unanimity instruction. The evidence showed that approximately 39 minutes elapsed between the time Guerrero made an illegal U-turn that initiated the officers' pursuit and the time that he was taken into custody. The pursuit was only interrupted because Guerrero entered a freeway with heavy traffic and Officers Resch and Barnes determined it was unsafe to proceed. The chase, however,

4

picked up again less than 20 minutes later when Officers Skiba and Garcia spotted Guerrero's vehicle. During both portions of the chase, Guerrero drove erratically and sped away from officers pursuing him. The two segments of the pursuit were sufficiently closely connected in time and place to form one transaction and thus fall under the continuous course of conduct exception to the unanimity instruction rule. (*People v. Crandell* (1988) 46 Cal.3d 833, 875.)

Even if were to conclude that the unanimity instruction should have been given in this case, the court's failure to give the instruction was not prejudicial. There is a split of authority on whether the standard of prejudicial error is that standard outlined in *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*) or that outlined in *People v. Watson* (1956) 46 Cal.2d 818. (*People v. Smith* (2005) 132 Cal.App.4th 1537, 1545.) Applying the more stringent standard of *Chapman*, we conclude the error in this case was harmless beyond a reasonable doubt. Failure to give a unanimity instruction is harmless if the record provides no rational basis for the jury to distinguish between the various acts, and the jury must have believed beyond a reasonable doubt that the defendant committed all acts if he or she committed any. (*People v. Deletto* (1983) 147 Cal.App.3d 458, 473.) "Where the record indicates the jury resolved the basic credibility dispute against the defendant and therefore would have convicted him of any of the various offenses shown by the evidence, the failure to give the unanimity instruction is harmless." (*People v. Thompson* (1995) 36 Cal.App.4th 843, 853.) "[U]nder the mandate of *Chapman* . . . we must ultimately look to the *evidence* considered by defendant's jury under the instructions given in assessing the

prejudicial impact or harmless nature of the error." (*People v. Harris* (1994) 9 Cal.4th 407, 428.)

Guerrero's two attempts to evade police officers were so closely connected in time and place and substantially identical in nature such that any error in failing to give the unanimity instruction was harmless. The evidence supporting each act was nearly the same. The officers testified that during both segments, Guerrero drove evasively and sped away when they attempted to stop him. Officers identified the same vehicle and driver during both segments.

Guerrero's defense that he was not the driver during the first segment and could not hear officers during the second segment is not supported by the record. To the contrary, Officer Barnes stated that he saw Guerrero "face-to-face" during the first segment of the pursuit and identified him as the driver. Officer Resch also identified Guerrero as the driver and stated that the area was "fairly well lit by sunlight" when he first observed the vehicle. Guerrero was the only person in the vehicle when it was finally stopped after the second segment of the chase. Additionally, the only evidence supporting Guerrero's hearing impairment defense came from his sister who had previously stated he did not have a hearing problem. The hearing impairment defense was also contradicted by testimony from officers who stated that based on Guerrero's reactions, they did not believe he was deaf.

On this record, we conclude any error in failing to give a unanimity instruction was harmless beyond a reasonable doubt.

6

## II.  *Section 654*

On count 2 and count 3 for driving under the influence of alcohol and driving with a blood alcohol content of .08 percent or higher, respectively, the trial court placed Guerrero on probation for a period of five years.  Guerrero argues the trial court should have stayed his punishment on one of those counts under section 654.  Specifically, he contends a stay is required because both convictions could potentially be used to enhance a future driving under the influence charge.  We reject Guerrero's argument.

Guerrero bases his argument on *People v. Duarte* (1984) 161 Cal.App.3d 438 (*Duarte*).  In that case, the defendant was convicted of driving under the influence and causing bodily injury and driving with a blood alcohol level of .10 or more and causing bodily injury.  (*Id*. at p. 440.)  Both convictions arose from a single act of drunk driving.  (*Ibid*.)  The Court of Appeal affirmed the convictions, but expressed concern that although defendant's sentence on the second conviction was stayed under section 654, there was a risk that both convictions might be used to enhance future punishment.  (*Duarte*, *supra*, at p. 447.)  The court reasoned: "Having suffered two convictions and one punishment, defendant remains exposed to the use of the two convictions to enhance future punishment. The Vehicle Code contains an increasing number of sections which penalize recidivism. These sections ordinarily refer to prior 'convictions' without qualifying them to exclude multiple convictions arising from a single driving occasion.  By only staying *punishment* on one of the two convictions, another court at another time may have to determine whether the defendant has one or two 'priors[.]' "  (*Id.* at p. 447.)  To avoid multiple enhancements based on a single act of illegal driving, the court modified the judgment by

7

ordering that "the *use* of the [second] conviction . . . as a prior conviction for penal and administrative purposes, be stayed. . . ." (*Id*. at p. 448.)

While we agree with the basic premise of *Duarte*, we disagree that it is necessary or appropriate in this case to stay the punishment on count 2 or count 3 under section 654. Unlike the defendant in *Duarte*, Guerrero received probation. "Probation is an act of grace and clemency designed to allow rehabilitation [citations] and is not within the ambit of the double punishment proscription of . . . § 654." (*People v. Stender* (1975) 47 Cal.App.3d 413, 425.) The multiple punishment prohibition of section 654 only becomes relevant in the event of a probation violation. (*People v. Wittig* (1984) 158 Cal.App.3d 124, 137.)

If Guerrero is convicted of a future offense and his current offenses are utilized to enhance his punishment, he can assert an argument that both convictions cannot be used at that time.

DISPOSITION

The judgment is affirmed.

McINTYRE, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.

8